UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA WENDT,

    Plaintiff,

-vs-

ASCENSION GENESYS HOSPITAL,
a Domestic Non-Profit Corporation,

    Defendant.

Case No. 21-cv-

Hon.

---

Barry S. Fagan  (P34275)
Ryan O. Rosenberg (P84530)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@faganlawpc.com
rrosenberg@faganlawpc.com

---

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the Complaint.

NOW COMES Plaintiff, DEBRA WENDT, by and through her attorneys, FAGAN MCMANUS, P.C., and for her cause of action against the Defendant, states as follows:

### JURISDICTIONAL ALLEGATIONS

1.     Plaintiff, DEBRA WENDT (hereinafter "Plaintiff" or "Wendt") is an

individual residing in the City of Grand Blanc, County of Genesee, State of Michigan.

2. Defendant, ASCENSION GENESYS HOSPITAL (hereinafter "Defendant" or "Ascension Genesys") is a Domestic Non-Profit Corporation and operates a hospital in the City of Grand Blanc, County of Genesee, State of Michigan.

3. At all relevant times, Plaintiff was employed by Defendant, working in the City of Grand Blanc, County of Genesee, State of Michigan.

4. The amount in controversy is in excess of $75,000.00, exclusive of interest, costs, attorney fees, and punitive damages.

5. This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1367 (supplemental).

## GENERAL ALLEGATIONS

6. In November 2010, Wendt commenced her employment with Genesys Regional Medical Center ("Genesys").

7. Wendt, a female, was employed as an Ultrasound Technologist in the Radiology Department.

8. On December 15, 2016, Wendt married her spouse, who also is a female.

9. In 2018, Genesys merged with Ascension Health to form

Defendant Ascension Genesys.

10. After the merger, Wendt began reporting to new management.

11. The new management became aware of Wendt's sexual orientation when Wendt added her spouse to her medical insurance.

12. Subsequently, management began targeting Wendt with unfair and unwarranted disciplines, write-ups, and suspensions.

13. These write-ups were issued to Wendt on March 19, 2019, June 14, 2019, and November 18, 2019.

14. During her nine prior years of employment, Wendt had a spotless reputation and was a valued worker. She had no previous verbal or written disciplines and no write ups.

15. Under the new management, Wendt was singled out and treated differently than her comparable Ultrasound Technologists.

16. Wendt was further treated differently compared to other Ultrasound Technologists in her department regarding her 2019 departmental performance evaluation.

17. In August 2019, Wendt learned that other Ultrasound Technologists in her department received their 2019 department performance evaluations.

18. After weeks of waiting for her evaluation, Wendt was told that

she would be given her evaluation by two managers rather than one, because the two managers both had comments to share with Wendt.

19. Wendt brought the issue to Radiology Department Head, Michelle Newman ("Newman"), asking why she was going to get "special treatment" in the way management was conducting her evaluation.

20. Newman assured Wendt that she would receive a typical evaluation.

21. On August 28, 2019, Wendt was brought into a room by Korina Pearl ("Pearl"), who was not Wendt's acting manager.

22. Pearl began reading Wendt's 2019 departmental evaluation aloud with Newman shouting out additional comments on speaker phone. The manner in which the evaluation was given to Wendt was insulting and unprofessional. The evaluation was also unfair and inaccurate.

23. On September 23, 2019, Wendt submitted a Professional Work Environment Complaint regarding her 2019 departmental evaluation and the unfair treatment Wendt was subjected to by Ascension Genesys's management.

24. Ascension Genesys failed to take any action in response to Wendt's complaint.

25. On February 13, 2020, Wendt again made a complaint to

management, where Wendt stated that her work environment was hostile and uncomfortable.

26. Despite Wendt's complaint, nothing was done to further address Wendt's concerns.

27. On February 14, 2020, Wendt was placed on a paid leave of absence by Ascension Genesys.

28. In February 2020, Ascension Genesys instituted an audit of the patient files managed by Wendt.

29. On February 27, 2020, Ascension Genesys terminated Wendt's employment, claiming that Wendt improperly accessed patient medical records without a work-related need.

30. The alleged reason for Wendt's termination was false, as Wendt did not access patient medical records without a work-related need.

31. In addition, Wendt's co-workers accessed patient medical records without being reprimanded.

32. Wendt filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 17, 2020, alleging sex discrimination, based on her sexual orientation, under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

33. On May 20, 2021, the EEOC issued a Notice of Right to Sue

letter regarding her Charge of Discrimination.

## COUNT I
## VIOLATION OF TITLE VII

34. Wendt incorporates paragraphs 1 through 33 above as if specifically repeated herein.

35. At all times relevant hereto, Defendant was an "employer" and Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, as amended (hereinafter referred to as "Title VII").

36. Title VII prohibits an employer from discriminating against an employee on the basis of "sex," which necessarily includes the employee's sexual orientation.

37. Defendant violated Title VII's prohibition against sex discrimination by discriminating against Wendt, subjecting her to a hostile work environment and taking adverse action toward her because of her sexual orientation, in the following particulars, including, but not limited to:

    a. Treating Wendt differently than similarly situated employees after Defendant became aware of Wendt's sexual orientation, such as unfairly disciplining Wendt, performing an inaccurate, insulting and unprofessional departmental performance evaluation of Wendt, and terminating Wendt's employment for accessing patient medical records;

    b. Subjecting Wendt to a hostile work environment;

    c. Failing to take prompt and appropriate remedial action after

6

    Wendt complained about the discriminatory and harassing conduct;

  d. Terminating Wendt's employment;

  e. Other acts of discrimination to be determined through discovery.

38. As a direct and proximate result of Defendant's discriminatory conduct toward Wendt, Wendt has suffered and will in the future suffer damages including, but not limited to:

  a. Loss of wages and earning potential;

  b. Loss of employee benefits;

  c. Loss of promotional opportunities;

  d. Loss of professional esteem and consequent damage to Wendt's professional career;

  e. Embarrassment, humiliation, inconvenience, mental anguish, indignity, outrage and disappointment;

  f. Other damages to be determined through discovery.

39. The above-referenced discriminatory conduct by Defendant toward Wendt was malicious and/or engaged in with reckless indifference to Wendt's federally protected civil rights and, as a result, Wendt is entitled to punitive damages.

40. Plaintiff also seeks equitable relief, including back-pay, front-pay, and other equitable relief the Court deems appropriate.

WHEREFORE, Wendt prays for Judgment against Defendant, for whatever amount the Court or Jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, costs, punitive damages, and attorney fees. Wendt also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

## COUNT II
## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

41. Wendt incorporates paragraphs 1 through 40 above as if specifically repeated herein.

42. At all times relevant hereto, Defendant was an "employer" and Plaintiff was an "employee" within the meaning of the Elliot-Larsen Civil Rights Act (hereinafter referred to as the "ELCRA").

43. The ELCRA prohibits an employer from discriminating against an employee on the basis of "sex," which necessarily includes the employee's sexual orientation.

44. Notwithstanding the duties owed to Wendt pursuant to the ELCRA, Defendant discriminated against Wendt, subjected her to a hostile work environment, and took adverse action toward her because of her sexual orientation, including, but not limited to:

   a. Treating Wendt differently than similarly situated

8

   employees after Defendant became aware of Wendt's sexual orientation, such as unfairly disciplining Wendt, performing an inaccurate, insulting and unprofessional departmental performance evaluation of Wendt, and terminating Wendt's employment for accessing patient medical records;

  b. Subjecting Wendt to a hostile work environment;

  c. Failing to take prompt and appropriate remedial action after Wendt complained about the discriminatory and harassing conduct;

  d. Terminating Wendt's employment;

  e. Other acts of discrimination to be determined through discovery.

45. As a direct and proximate result of Defendant's discriminatory conduct toward Wendt, Wendt has suffered and will in the future suffer damages including, but not limited to:

  a. Loss of wages and earning potential;

  b. Loss of employee benefits;

  c. Loss of promotional opportunities;

  d. Loss of professional esteem and consequent damage to Wendt's professional career;

  e. Embarrassment, humiliation, inconvenience, mental anguish, indignity, outrage and disappointment;

  f. Exemplary damages;

  g. Other damages to be determined.

46.     Plaintiff also seeks equitable relief, including back-pay, front-pay, and other equitable relief the Court deems appropriate.

WHEREFORE, Wendt prays for Judgment against Defendant, in whatever amount the Court or Jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, costs, and attorney fees. Wendt also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

Respectfully submitted,

FAGAN MCMANUS, P.C.

By: /s/ *Barry S. Fagan*
    Barry S. Fagan  (P34275)
    Attorney for Plaintiff
    25892 Woodward Avenue
    Royal Oak, MI  48067-0910
    (248) 542-6300
    bfagan@faganlawpc.com

Dated:  May 25, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA WENDT,

    Plaintiff,

-vs-

ASCENSION GENESYS HOSPITAL,
a Domestic Non-Profit Corporation,

    Defendant.

Case No. 21-cv-

Hon.

---

Barry S. Fagan  (P34275)
Ryan O. Rosenberg (P84530)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@faganlawpc.com
rrosenberg@faganlawpc.com

---

## **PLAINTIFF'S DEMAND FOR A JURY TRIAL**

NOW COMES Plaintiff, by and through her attorneys, FAGAN MCMANUS, P.C., and hereby demands trial by jury on the above matter.

        FAGAN MCMANUS, P.C.

        By: /s/ *Barry S. Fagan*
           Barry S. Fagan  (P34275)
           Attorney for Plaintiff
           25892 Woodward Avenue
           Royal Oak, MI  48067-0910
           (248) 542-6300

Dated: May 25, 2021
           bfagan@faganlawpc.com